Reed, P. J.,
delivered the opinion of the court.
The only important question presented is the granting of the nonsuit by the court. It is not free from difficulty. The case is peculiar. Exhaustive, lengthy briefs and arguments have been filed by both parties ; the plaintiff regard *28 ing the order for nonsuit as having been made by the court on its own motion, and contending that it exceeded its power, and that the order could only be made on application of the defendant.
Before discussing the question of the legal right of the court to discharge a jury without a verdict, it may be well to call attention to the peculiar condition of the case. The court regarding the evidence as insufficient to warrant a recovery, and thinking it probable that sufficient testimony could be adduced, refused the motion to instruct the jury to enter a verdict for the defendant. At this point it was clearly the duty of plaintiff, unless he was satisfied and willing to abide by the case he had made, to ask and obtain leave to put in further evidence. This he declined to do, but asked leave to withdraw a juror, as under the old practice, and submit to a nonsuit. This the court did not permit, probably regarding it not the proper practice; then withdrew the case from the jury, and entered a judgment of nonsuit.
The provision of the code is that an involuntary nonsuit may “ be granted upon motion of the defendant, when upon the trial the plaintiff fails to prove sufficient case for the jury.” Civil Code, see. 166. It is urged that the court can only grant a nonsuit upon motion of defendant. We cannot agree with this. Unless prohibited by statute, the court has an inherent right to nonsuit on motion of either party or sua sponte, in every case where there is such failure of evidence that a verdict, if found, would be set aside. We do not consider this right restricted by the language of the code. But, in our view, it is not necessary to authoritatively decide whether or not a court can order a nonsuit of its own motion, as in this case the request of both parties was tantamount to a motion, and must be so regarded.
It remains to briefly review the evidence and determine whether it was error to grant a nonsuit. It is contended that plaintiff failed to make sufficient proof of title. There *29 was no traverse of the allegation of title, — no claim of adverse title or right by the defendant. The answer of the defendant disclaiming knowledge and requiring proof, it has been frequently held, was sufficient to put plaintiff to strict proof of a fee simple title as averred in the complaint.
Proof of possession, occupation and improvements made by the plaintiff were sufficient upon which to base an action to recover damages for any injury to this possession whereby the value of such possession was interfered with during the time of the occupancy from the construction of the railroad until the bringing of suit. For such injury, a tenant or any one in the legal and actual possession of the property might maintain an action. But a suit for permanent injury to the realty, whereby the value of the property was depreciated, could only be predicated and maintained by full proof of a title in fee simple. The proof of title was confined to the introduction of a deed to the plaintiff from BrinkhansHolley Investment Company and Enoch Holley. No title was shown in either or both. The Investment Company is assumed, by the name and the execution of the deed by officers, to have been a corporation. No authority to the officers by the corporation to execute a deed was shown, nor was it shown that by its charter the Investment Company could take and convey real property. Aside from this, the failure to deraign title from some proper source was fatal. The title of the grantors must have been shown. The making and delivery of the deed was no evidence of title in the grantors. They may have had perfect title, or none whatever, and the attempted conveyance a fraud. That full proof of a good fee simple title must be made in such a case is fully sustained by the authorities.
The City of Lafayette v. Wortman, 107 Ind. 404, was a very nearly parallel case, and it was there held that “ where title deed is relied upon, a chain of title must be traced back to the ultimate source of title or to a grantor in possession under a claim of title at the time he executed his deed; ” citing *30 Broker v. Scobey, 56 Ind. 588; Steeple v. Downing, 60 Ind. 478; Brandenberg v. Seigfried, 75 Ind. 568; Start v. Clegg, 83 Ind. 78.
In Costello v. Burke, 63 Iowa, 361, it is held : “But when a claim for damages is filed, the proceeding had therein is in the nature of a personal action. Such claim can be based only on the personal right of the claimant. * * * Plaintiff alleged that he was the owner in fee simple. * * * This puts on him the burden of proving every fact material to his claim, and as the amount of his damages depends upon the extent of his interest in the land, it follows necessarily that he must prove interest.” The same is held in Dean v. Metropolitan R. Co., 119 N. Y. 540, where a long list of authorities are cited from many states, and from English reports declaring the same rule of law. See, also, Hutchinson v. Railroad Co., 41 Wis. 541. It follows that the ordering of a nonsuit by the court upon that branch of the case was correct and must be sustained.
By the amended complaint it was sought to charge the defendant with damages by reason of injury to the possession resulting from improper construction of the roadbed preventing ingress and egress to and from the property and the obstruction of the street, also from the breaking of windows and annoyance and damage by the noise, smoke and depositing of cinders, by reason of the alleged improper management of the road. These are injuries affecting the value of the possession, and that only. Had the plaintiff been in actual occupancy of the property during the time, he could, by proper allegations and proof, have maintained an action for injury to such possession; or had a tenant been in possession before the construction and operation of the road with a definite term, and the alleged injuries occurred during the term, the tenant might maintain the action. The allegations in the amended complaint are in effect the same as in the original, not as to damage to the possession of the occupant, but that '■'•the market value-of said premises has been actually and per *31 momently diminished in value■ for any use to which they may he put in the sum of $1,500.”
This allegation, like the former, being for the diminished value of the property, and not for injury in the use and occupation, could only be maintained by full proof of a title in fee, as alleged in the complaint. It follows that the judgment of nonsuit was proper and must be sustained.

Affirmed.